IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                              No. CR 08-2924 JB

REYNALDO BARRAZA-BARRAZA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed October 21, 2009 (Doc. 30). The Court held a sentencing hearing on January 4, 2010. The primary issue is whether a variance from the advisory guideline sentencing range as calculated in the Presentence Investigation Report ("PSR")[1] is warranted. The PSR calculated Defendant Reynaldo Barraza-Barraza's offense level at 21 and a criminal history category of IV, establishing a guideline imprisonment range of 57 to 71 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of

---

[1] The United States Probation Office ("USPO") prepared two PSRs in this matter. The USPO disclosed the original PSR on January 29, 2009, following Barraza-Barraza's guilty plea, pursuant to a non-standard fast-track plea agreement, to an information charging attempted re-entry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Following the issuance of the Supreme Court of the United States' opinion in Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009), which clarified the elements of aggravated identity theft, the parties agreed that the Court should continue the sentencing to allow Barraza-Barraza to move to withdraw from his plea agreement and to re-plea to a legally sufficient plea agreement. The Court granted Barraza-Barraza leave to withdraw his plea on November 5, 2009. See Order Allowing Withdrawal of Guilty Plea (Doc. 36). On November 20, 2009, Barraza-Barraza withdrew his previous plea and re-pled guilty to the Information, which contained only the attempted re-entry charge, and pursuant to a binding plea agreement, which stipulated to a total offense level of 20, pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Following the second plea, the USPO prepared a second PSR, and it disclosed on December 14, 2009. The Court's references to the PSR refer to the second PSR that the USPO prepared in this matter.

Criminal Procedure, the Court accepts the fast-track plea agreement, which includes a 1-level downward departure. Barraza-Barraza's offense level after the downward departure is 20 and his criminal history category is IV, establishing a guideline imprisonment range of 51 to 63 months.

Barraza-Barraza moves for a variance from the advisory guideline sentencing range to a "substantially less" sentencing range, based on the factors set forth in 18 U.S.C. § 3552(a). Defendant's Sentencing Memorandum at 1. Because the Court believes that a sentence of 51 months, the bottom of the guideline range, is slightly too high for a defendant with one felony of the nature of that in Barraza-Barraza's history, the Court will vary some from the bottom of the guideline range. The Court is concerned, however, that Barraza-Barraza has not been deterred by lengthy criminal sentences in the past. The Court will sentence Barraza-Barraza to 46 months, which gets his sentence out of the 50-month range, which is too high, but is a longer sentence than he received in the past, which sentences have not deterred him from engaging in criminal conduct.

Barraza-Barraza has a number of misdemeanor convictions dating back to 1985 for, among other things, public intoxication, trespass, and possession of marijuana. His only prior felony is a conviction in 2004 for driving a vehicle that contained 838 pounds of marijuana across the bridge from Juarez, Chihuahua, Mexico into El Paso, Texas, for which he was offered $600.00. Barraza-Barraza served a 45-month sentence for attempting to bring marijuana into the United States and was deported on August 18, 2007.

The Court has reviewed the factual findings in the two PSRs prepared in this case and adopts the factual findings in the second disclosed PSR as its own. The Court has also considered the sentencing guideline application in the PSR. The Court has considered the guidelines, but in arriving at its sentence the Court has also taken account of other sentencing goals. Specifically, the Court has considered the guideline-sentencing range established for the applicable category of

offense committed by the applicable category of defendant.

The Court is concerned about Barraza-Barraza's criminal history and believes that a lengthy sentence is necessary to protect the public. While Barraza-Barraza argues that he did not know that his re-entry would subject him to a severe penalty, the Court is skeptical, given that he has past experiences with United States Immigration and Customs Enforcement, that Barraza-Barraza was not on notice that if he returned again to the United States he would be subject to longer imprisonment. The Court also believes that Barraza-Barraza had some recognition that, when one commits crimes in the United States, they impact one's ability to come back.

The Court believes that a sentence of 46 months reflects the seriousness of this offense, promotes respect for the law, and provides a more just punishment than one in the 50-month range. The Court also believes it affords adequate deterrence, and given Barraza-Barraza's criminal history, the Court believes this lengthy sentence adequately protects the public. The Court also believes that the sentence otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3552(a). As the United States Court of Appeals for the Tenth Circuit has noted, the Court's task is not to come up with a reasonable sentence, but to come up with a sentence that appropriately balances these factors. Nonetheless, the Court believes its sentence is reasonable and certainly more so than the advisory guidelines sentence. Moreover, the Court believes that a sentence of 46 months is sufficient without being greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act

**IT IS ORDERED** that the request that the Court impose a sentence substantially less than a sentence that is within the advisory sentencing guideline range is granted in part and denied in part. The Court will grant a variance, but not as large of a variance as Defendant Reynaldo Barraza-Barraza seeks. The Court sentences Defendant Reynaldo Barraza-Barraza to 46 months in

the custody of the Bureau of Prisons.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Holland S. Kastrin
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Floyd W. Lopez
Floyd W. Lopez, P.A.
Albuquerque, New Mexico

      *Attorney for the Defendant*