AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Reynaldo Barraza-Barraza** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:08CR02924-001JB** |
| | USM Number: **46103-051** |
| | Defense Attorney: **Floyd Lopez, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 of Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326 (a)(1) and (2) | Attempted Reentry of a Removed Alien, 8 U.S.C. Sec. 1326(b)(2) | 10/12/2008 | 1 |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | **January 4, 2010** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning** |
| | **United States District Judge** |
| | Name and Title of Judge |
| | |
| | **February 26, 2010** |
| | Date Signed |

Defendant: **Reynaldo Barraza-Barraza**
Case Number: **2:08CR02924-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **46 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Defendant Reynaldo Barraza-Barraza`s offense level is 20 and his criminal history is category IV. His advisory guidelines sentence range is therefore 51 to 63 months. The Court, however, believes that a variance to a sentence of 46 months is appropriate in this case. In arriving at this sentence, the Court has considered not only the guidelines, but also other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant, and does not believe that the punishment that the guidelines set forth is appropriate here.**

**Because the Court believes that a sentence of 51 months, the bottom of the guideline range, is slightly too high for a defendant with one felony of the nature of that in Barraza-Barraza`s history, the Court will vary some from the bottom of the guideline range. The Court is concerned, however, that Barraza-Barraza has not been deterred by lengthy criminal sentences in the past. The Court will sentence Barraza-Barraza to 46 months, which gets his sentence out of the 50-month range, which is too high, but is a longer sentence than he received in the past, which sentences have not deterred him from engaging in criminal conduct.**

**The Court has considered the kinds of sentences and ranges that the guidelines establish, and the Court believes that a variance is appropriate in this case. The Court is concerned about Barraza-Barraza`s criminal history and believes that a lengthy sentence is necessary to protect the public. While Barraza-Barraza argues that he did not know that his re-entry would subject him to a severe penalty, the Court is skeptical, given that he has past experiences with United States Immigration and Customs Enforcement, that Barraza-Barraza was not on notice that if he returned again to the United States he would be subject to longer imprisonment. The Court also believes that Barraza-Barraza had some recognition that, when one commits crimes in the United States, they impact one`s ability to come back.**

**The Court believes that a sentence of 46 months reflects the seriousness of this offense, promotes respect for the law, and provides a more just punishment than one in the 50-month range. The Court also believes it affords adequate deterrence, and given Barraza-Barraza`s criminal history, the Court believes this lengthy sentence adequately protects the public. The Court also believes that the sentence otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3552(a). As the United States Court of Appeals for the Tenth Circuit has noted, the Court`s task is not to come up with a reasonable sentence, but to come up with a sentence that appropriately balances these factors. The Court believes that its sentence balances these factors more appropriately than does the advisory guideline range. Moreover, the Court believes its sentence is reasonable and more so than the advisory guidelines sentence. Moreover, the Court believes that a sentence of 46 months is sufficient without being greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act. The Court therefore sentences Reynaldo Barraza-Barraza to a term of 46 months in the custody of the Bureau of Prisons.**

☒　The court makes these recommendations to the Bureau of Prisons:

**Big Spring Federal Correctional Institution, Big Spring, Texas, if eligible**

☒　The defendant is remanded to the custody of the United States Marshal.
☐　The defendant must surrender to the United States Marshal for this district:
　　☐　at　on
　　☐　as notified by the United States Marshal.
☐　The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　☐　before 2 p.m. on
　　☐　as notified by the United States Marshal
　　☐　as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

Defendant: **Reynaldo Barraza-Barraza**
Case Number: **2:08CR02924-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years unsupervised**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

AO 245B (Rev. 12/03) Sheet 3　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judgment - Page 5 of 5

Defendant: **Reynaldo Barraza-Barraza**
Case Number: **2:08CR02924-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Reynaldo Barraza-Barraza**
Case Number: **2:08CR02924-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.